### CALEB WALKER *vs.* HENRY DAVIS.

An infant, prevailing on the plea of infancy, in an action on a promissory note given by him for a chattel which he had obtained by fraud and refused to deliver on demand is still liable to an action of tort for the conversion of the chattel, although he had sold it before the demand was made upon him.

ACTION OF TORT for the conversion of " one cow, the property of the plaintiff, of the value of twenty eight dollars."

At the trial in the court of common pleas, before *Byington,* J. there was evidence tending to show that on or about the 2d of February 1852 the defendant went to the plaintiff's house, and proposed to buy a cow, and inquired the plaintiff's price, and the plaintiff asked $28, and the defendant offered $26; that the defendant remained with the plaintiff four or five hours, and plied the plaintiff with cider, drawn by him from the plaintiff's barrels, until he made the plaintiff drunk, and then took advantage of his incompetent condition, to trade for the cow; that the plaintiff said to a witness, who came into the room while the parties were together, that he had sold the cow for $26, and taken the defendant's note; that the defendant did in fact give the plaintiff his note for that amount, payable in sixty days, and drove away the cow; and that when the witness afterwards came into the room, " the plaintiff was on the floor, unable to get up, and without much sense of any thing, and had the note in his hand."

It was also in evidence, and not controverted, that the plaintiff was eighty five years of age; that .at the time of the trade he knew the defendant to be under twenty one years of age; but that the defendant at the same time represented that he was authorized to trade for himself, and that his father had given him his time; that the plaintiff, on two former occasions, had sold cows to the defendant, and trusted him, having the same knowledge; and that the defendant, at the time of the trial, was still under age.

There was also evidence of the following facts: After the note fell due, the plaintiff demanded payment thereof, which

the defendant refused, assigning, as one reason, that he was a minor, and also saying that he had paid for the cow; that he never gave the note, and that, if the plaintiff had such a note, it was a forgery. The plaintiff brought an action upon the note, in which the defendant prevailed on a plea of infancy. The plaintiff, immediately thereafter, demanded a return of the cow; and, the defendant not returning her, brought the present action. There was evidence tending to show that the defendant had sold the cow, and received the money for her, before the note fell due, and that he had not since had the possession or control of her.

Upon the facts conceded, and which the evidence tended to show, the defendant contended, and requested the judge to rule, " 1st. That the plaintiff's treating the note as a valid contract, when in a condition of mind competent to judge of the circumstances under which it was given, and afterwards bringing suit upon it, were a conclusive ratification of the sale on his part. 2d. That bringing the action on the note was a waiver of the tort complained of. 3d. That as the original cause of action was grounded in contract, the plaintiff could not maintain tort, if the jury should find that, when the note fell due, and the demand was made for a return of the cow, the defendant had sold her and parted with the possession and control of her."

But the judge ruled against the defendant on all these points, and instructed the jury, " that if, upon the whole evidence in reference to the fraud, they should find the sale void for that cause, the plaintiff's treating the contract afterwards as a valid contract, and the acts done by the plaintiff and defendant after such sale, as stated in the evidence, would not prevent the plaintiff from recovering, the defendant himself having prevented the plaintiff from enforcing payment of the note, by his successful defence to the action by his plea of infancy." The jury found for the plaintiff; and the defendant alleged exceptions.

*C. Delano,* for the defendant. Whatever cause of action in tort the plaintiff had, prior to his demand, was waived both by his ratification of the contract, and by his election of remedies. Story on Agency, § 259. *Peters* v. *Ballistier,* 3 Pick. 505.

*Campbell* v. *Fleming*, 1 Ad. & El. 40.   *Butler* v. *Hildreth*, 5 Met. 49.   1 Tidd's Pract. (1st Amer. ed.) 10.   *Smith* v. *Hodson*, 4 T. R. 211.   *Livermore* v. *Herschell*, 3 Pick. 38.   *Arnold* v. *Arnold*, 17 Pick. 13.   2 Greenl. Ev. § 265.   The plaintiff, in making his election of remedies, must take into consideration all possible defences; and a verdict in the first action brought is final. 1 Chit. Pl. (6th Amer. ed.) 227, 237 *& seq.*   *Kitchen* v. *Campbell*, 3 Wils. 304.   *Parker* v. *Norton*, 6 T. R. 695.

The plaintiff's demand gave no new cause of action, the defendant having parted with the property.   1 Parsons on Con. 263 *& seq.*

*C. P. Huntington*, for the plaintiff.   The defendant, although an infant, having obtained the cow by fraud, is liable in tort for the conversion.   *Badger* v. *Phinney*, 15 Mass. 359.   *Vasse* v. *Smith*, 6 Cranch, 226.   *Homer* v. *Thwing*, 3 Pick. 492.   15 Law Reporter, 510–513.   *Sikes* v. *Johnson*, 16 Mass. 389.   *Wallace* v. *Morss*, 5 Hill, 391.   2 Kent Com. (6th ed.) 241.   *Boody* v. *McKenney*, 23 Maine, 517.   Reeve Dom. Rel. 243, 244, 259.   *Strain* v. *Wright*, 7 Georgia, 568.   *Boyden* v. *Boyden*, 9 Met. 519.

The defendant, having defeated the action on the note by his plea of infancy, and sold the property fraudulently obtained, cannot set up, in defence to an action of tort for the value, the previous conduct of the plaintiff in undertaking to collect the note by suit.   *Badger* v. *Phinney*, 15 Mass. 359.   *Butler* v. *Hildreth*, 5 Met. 49.   3 Steph. N. P. (Amer. ed.) 2062, *& note.*

THOMAS, J.   The facts show clearly that on the day when the cow was taken, there was no valid contract between the parties.   The defendant obtained the possession of her by fraud, a fraud to which infancy would constitute no defence.   Supposing no contract to have been made, the plaintiff then had the election to bring his action for the tort, or, as the cow had been sold before the note became due, to waive the tort and bring assumpsit.

In this case, however, there was a voidable contract made. But the contract had this peculiarity.   It might be avoided by either party; by the plaintiff on the ground of drunkenness, and by the defendant on the ground of infancy.

Ordinarily, in the case of torts, it is in the election of the owner of the property wrongfully taken, to bring his action for the tort, or, waiving that, to bring assumpsit, and when he brings the latter, the defendant is estopped to say there was no promise and that he took the property wrongfully, or to set up his own fraud or wrong in defence of the suit.

In the case at bar, the contract needed a double affirmation to conclude the parties. The fraud or tort was merged in the contract, only when the contract had become complete. The plaintiff, by bringing his action upon the note, declared his willingness to affirm the contract. The defendant, on the other hand, still elected, as he had a right to do, to avoid the contract. This want of assent of the defendant is fatal, and the contract never becomes complete. The title to the cow did not pass. The tort was not waived.

If the defence to the action upon the contract had been one, which admitted its validity, and then sought to discharge it, as a discharge in insolvency of the defendant, payment, set off, or the statute of limitations, the judgment in the case would have concluded the parties. The contract being once complete, the plaintiff could not return to his remedy for the tort.

What was the effect of the new demand, it is not material to consider, as the facts show a conversion by the defendant before the demand was made, and the demand was therefore wholly unnecessary.                    *Exceptions overruled.*